# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONNA MARIE METZGER** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 19-270 |
| **ANDREW M. SAUL,**[1] | : | |
| **Commissioner of Social Security,** | : | |
| Defendant. | : | |

## MEMORANDUM AND OPINION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                                                August 1, 2019

Donna Marie Metzger, ("Plaintiff") filed this action to review the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"), denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-433 ("the Act"). This matter is before me for disposition, upon consent of the parties.[2] For the reasons that follow, Plaintiff's request for review will be DENIED.

## I.      PROCEDURAL HISTORY

Plaintiff protectively filed for DIB on March 27, 2015. (R. 12, 70). She alleged disability as of October 1, 2013, due in relevant part to diabetes, high blood pressure, high cholesterol, asthma, glaucoma, and degenerative disc disease of the lumbar spine. (R. 70). The

---

[1] Andrew M. Saul was confirmed as Commissioner of the Social Security Administration on June 4, 2019. Nomination, Andrew M. Saul, of New York, to be Commissioner of Social Security for the term expiring January 19, 2025, PN94, 116th Cong. (June 4, 2019). Pursuant to FED. R. CIV. P. 25(d), I have substituted Andrew M. Saul as defendant in this suit.

[2] In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. (Consent and Order, ECF Nos. 8 and 9).

Social Security Administration denied her claim for benefits at the initial level of review. *Id.* Following the denial, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which occurred on September 13, 2017. (R. 33-69). Plaintiff, represented by an attorney, appeared and testified. *Id.* An impartial vocational expert ("VE") also testified at the hearing. (R. 52-67). On October 31, 2017, the ALJ issued a decision denying benefits under the Act. (R. 12-20). The Appeals Council denied Plaintiff's request for review, (R. 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff commenced this action on January 18, 2019, and subsequently filed a Brief and Statement of Issues in Support of Request for Review. (ECF No. 14). Defendant filed a response, (ECF No. 15), and Plaintiff filed a reply brief. (ECF No. 16). The matter is now ripe for disposition.

## II. LEGAL STANDARD

To be eligible for Social Security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c (a)(3)(A). A five-step sequential analysis is used to evaluate a disability claim:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, then the Commissioner considers in the second step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities. If the claimant suffers a severe impairment, the third inquiry is whether, based on the medical evidence, the impairment meets the criteria of the impairment listed in the "listing of impairments," . . . which result in a presumption of disability, or whether the claimant retains the capacity to work. If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the fourth step whether, despite the severe impairment, the claimant has the

> residual functional capacity to perform his past work. If the claimant cannot perform his past work, then the final step is to determine whether there is other work in the national economy that the claimant can perform.

*Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000); *see also* 20 C.F.R. §§ 404.1520, 416.920. The disability claimant bears the burden of establishing steps one through four. If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner at step five to establish that, given the claimant's age, education, work experience, and mental and physical limitations, the claimant is able to perform substantial gainful activities in jobs existing in the national economy. *Poulos v. Comm'r. of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).

Judicial review of a final decision of the Commissioner is limited. A district court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla," and "such relevant evidence as a reasonable mind might accept as adequate." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 118 (3d Cir. 2000) (citations omitted). Even if the record could support a contrary conclusion, the decision of the ALJ will not be overruled so long as there is substantial evidence to support it. *Simmonds v. Heckler*, 807 F.2d 54, 58 (3d Cir. 1986). The court has plenary review of legal issues. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999).

### III. FACTUAL BACKGROUND

The Court has reviewed the administrative record in its entirety and summarizes here the evidence relevant to the instant request for review.

Plaintiff was fifty-one years old on her alleged disability onset date. (R. 70). Plaintiff

completed three years of college and earned an associate degree. (R. 35). She previously worked as an office clerk, receptionist, and data entry clerk. (R. 35, 54). At the time of the administrative hearing, Plaintiff lived alone in Philadelphia, Pennsylvania. (R. 185).

At the administrative hearing, Plaintiff testified that she last worked as a clerk in a bank. (R. 35). She reported that she is unable to work due to her inability to sit or stand for long periods, anxiety, and problems concentrating. (R. 47-52).

## IV. ALJ'S DECISION

Using the five-step inquiry described above, the ALJ determined that Plaintiff was not disabled. (R. 14-20).

1. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity after her alleged onset of disability. (R. 14).

2. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spines, right shoulder impingement, coronary artery disease, and diabetic neuropathy of the upper extremities. (R. 14).

3. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. (R. 16).

4. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work with the following limitations: never climb ladders, ropes or scaffolds; occasionally perform all other postural maneuvers; and must avoid unprotected heights or hazards, environmental irritants, dust, and fumes. She can occasionally reach overhead and frequently handle, finger, and feel. (R. 17).

5. At step four, the ALJ found Plaintiff capable of performing past relevant work as a data entry clerk. (R. 19).

Accordingly, the ALJ found Plaintiff was not disabled. (R. 20).

## V. DISCUSSION

In her request for review, Plaintiff argues that the ALJ erred by: (1) failing to find Plaintiff's diabetes and depression severe impairments; (2) failing to find Plaintiff's back impairment met Listing 1.04; (3) according little weight to the opinion of Meeta Peer, M.D.; and (4) improperly weighing Plaintiff's subjective complaints.[3] (Pl. Br. 8-14, ECF No.14). The Commissioner counters that the ALJ properly analyzed the medical opinion evidence, and that substantial evidence supports the ALJ's decision. Having reviewed the parties' submissions, the record -- including the medical evidence and the hearing testimony -- and the ALJ's decision, this Court concludes that remand is not warranted.

### A. Plaintiff's Diabetes and Depression at Step Two

Plaintiff argues that the ALJ erroneously failed to find her diabetes and depression severe at step two of the sequential analysis. (Pl.'s Br. 14-15). In response, the Commissioner asserts the evidence supports a finding that Plaintiff's diabetes and depression are not severe

---

[3] Plaintiff also made passing reference to two additional "issues," but did not develop corresponding arguments: (1) "Whether there is substantial evidence to show that the claimant is capable of performing her past work as a data entry clerk" and (2) "Whether the ALJ adequately and correctly considered the relevant age change from closely approaching advanced age to advanced age when determining the availability of (sic) the medical-vocational grids." (Pl. Br. 7-8). "An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before'" the court. *Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (quoting *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991)).

Therefore, in order to have raised these issues, Plaintiff would have had to explain how she believes the ALJ erred, and she did not do so. *Cf. Holloman v. Comm'r of Soc. Sec.*, 2015 WL 1346167, at *2 (D.N.J. 2015) (providing that "'the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'" (quoting *Shineski v. Sanders*, 566 U.S. 396, 409 (2009))). Because Plaintiff failed to effectively raise these issues, I consider them waived. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").

impairments. (Resp. 5-9). I agree with the Commissioner.

At step two of the five-step sequential inquiry, an individual seeking benefits bears the burden of proving that he suffers from "a medically severe impairment or combination of impairments." *See Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). The step-two inquiry is a "*de minimis*" screening device to dispose of "groundless claims." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360-61 (3d Cir. 2004) (quoting *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 546 (3d Cir. 2003)). An impairment is severe if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). A severe impairment is distinguished from "a slight abnormality," which has such a minimal effect that it would not be expected to interfere with the claimant's ability to work, regardless of her age, education, or work experience. *See Bowen*, 482 U.S. at 149-51. Plaintiff retains the burden of showing that an impairment is severe. *Id*. at 146 n.5.

Failing to find an impairment severe is harmless error when the ALJ does not deny benefits at this stage and properly considers the condition in the remaining analysis. *See Rutherford v. Barnhart*, 399 F.3d 546, 552–53 (3d Cir. 2005) (failing to determine the severity of a condition at stage two was harmless because the ALJ properly considered it in the evaluation of the claimant's limitations); *Salles v. Comm'r of Soc. Sec.*, 229 Fed. App'x 140, 145 n.2 (not precedential) ("Because the ALJ found in [Plaintiff's] favor at Step Two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless.") (citing *Rutherford*, 339 F.3d at 553).

  1. **Diabetes**

Plaintiff asserts that the ALJ erred by not finding that Plaintiff's diabetes is a severe impairment. (Pl. Br. 10, ECF No. 14). The Commissioner counters that substantial evidence

supports the ALJ's finding that Plaintiff's diabetes is non-severe and does not cause greater functional limitations than those included in the ALJ's RFC determination. (Res. 5-7, ECF No. 15). I agree with the Commissioner.

The ALJ addressed Plaintiff's diabetes at step two by recognizing that Plaintiff checks her blood sugar regularly, and noting that her diabetes is controlled with medication. (R. 14, 18). The ALJ also noted that the record does not include any evidence of diabetic complications, aside from Plaintiff's neuropathy which was incorporated into her RFC assessment. (R. 15). Plaintiff asserts that her diabetes must be considered a severe impairment because her diabetic neuropathy was found to be severe.[4] (Pl. Br. 10, ECF No. 14). The Commissioner asserts, and I agree, that this is not the case. (Res. 6, ECF No. 15). Plaintiff has not asserted any limitation solely attributable to her diabetes that was not considered in her RFC assessment. The mere diagnosis of an impairment or presence of a disorder will not establish entitlement to benefits. The claimant must show how the alleged impairment or disorder results in disabling limitations. *See Walker v. Barnhart*, 17 2 F. App'x 423, 426 (3d Cir. 2006) ("Mere presence of a disease or impairment is not enough. A claimant must also show that his disease or impairment caused functional limitations that precluded him from engaging in any substantial gainful activity").

Additionally, even if the ALJ should have found that Plaintiff's diabetes was a severe impairment at step two, remand is not warranted because the ALJ identified severe impairments at step two of the process, and continued on through the remainder of the five-step review. Thus, any error on the ALJ's part in characterizing Plaintiff's diabetes as non-

---

[4] The ALJ found Plaintiff's diabetic neuropathy to be a severe impairment affecting her arms and right hand, and thus limited Plaintiff to occasional overhead reaching and frequent handling, fingering, and feeling. (R. 19).

severe is harmless. *See Salles*, 229 F. App'x at 145 (explaining that "[b]ecause the ALJ found in [the claimant's] favor at step two, even if he had erroneously concluded that some of her other impairments were non-severe, any error was harmless"); *Shedden v. Astrue*, No. 4:10-CV-2515, 2012 WL 760632, at *9 (M.D. Pa. Mar. 7, 2012) (stating that "[a] failure to find a medical condition severe at step two will not render a decision defective if some other medical condition was found severe at step two"). Therefore, remand is not warranted on this basis.

Because I find that substantial evidence supports the ALJ's determination that Plaintiff's diabetes was not a severe impairment, Plaintiff's request for remand on this basis is denied.

### 2. Depression

Plaintiff also asserts that the ALJ erred by failing to find that her depression was a severe impairment. (Pl. Br. 11, ECF No. 14). The Commissioner counters that substantial evidence supports the ALJ's finding that Plaintiff's depression is non-severe and does not cause greater functional limitations than those included in the ALJ's RFC determination. (Res. 7-9, ECF No. 15). I agree with the Commissioner.

In cases involving mental impairments, the Social Security Administration regulations set forth the analysis for determining whether the mental impairment is severe. 20 C.F.R. §§ 404.1520a. If the ALJ initially determines that a claimant's symptoms, signs, and laboratory findings support the existence of a medically determinable impairment, then he must assess the claimant's limitations in four functional areas to determine whether the impairment is "severe." 20 C.F.R. §§ 404.1520a. The four functional areas address Plaintiff's ability to: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. §§ 404.1520a(c)(3). If the ALJ rates the degree of the claimant's limitation in the functional areas as "none" or "mild," he generally will conclude that

the impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. §§ 404.1520a(d)(1).

After concluding Plaintiff had medically determinable mental impairments of depression and anxiety, the ALJ found:

> [Plaintiff's] medically determinable mental impairments of depression and anxiety do not cause more than minimal limitation in [Plaintiff's] ability to perform basic mental work activities and are therefore non-severe.
>
> In making this finding, the undersigned has considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments. These four areas of mental functioning are known as the "paragraph B" criteria.
>
> The first functional area is understanding, remembering, or applying information. In this area, [Plaintiff] has no limitation. She could understand and respond to questions at the hearing. [Plaintiff] can perform multi-step tasks, such as shopping online, and using a checkbook. She can follow both written and spoken instructions.
>
> The next functional area is interacting with others. In this area, [Plaintiff] has no limitation. She has no difficulties leaving home, rides public transportation, shops in stores, and attends church weekly. [Plaintiff] gets together with friends once or twice a week. She has no difficulties getting along with family, friends, neighbors, and authority figures. [Plaintiff] has never been let go from a job due to difficulties getting along with others.
>
> The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has a mild limitation. She does not always finish what she starts, and uses her phone to remind herself to take medications. [Plaintiff] maintains her own household independently, however, and can perform simple tasks that she knows how to do, such as preparing simple meals. She sometimes panics when things do not go as planned, but can maintain a routine.
>
> The fourth functional area is adapting or managing oneself. In this area, [Plaintiff] has a mild limitation. Some personal care activities are affected by her physical impairments, and [Plaintiff] must shower instead of taking baths. However, she can generally maintain appropriate hygiene. [Plaintiff] can make independent plans, and manages her psychological symptoms by keeping appointments, and taking her medications properly. She checks her blood sugar regularly.

> Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas, it is nonsevere.

(R. 16) (citations omitted).

Substantial evidence supports the ALJ's finding that Plaintiff's mental impairment was not severe. First, the ALJ's decision includes a specific finding as to the degree of limitation in each of the four functional areas: Plaintiff's depression results in no more than "mild" limitations in her ability to concentrate, persist, maintain pace, adapt, and manage herself. 20 C.F.R. § 404.1520a(d)(1). This conclusion is supported by the medical evidence. Plaintiff treated at Kennedy Behavioral Health from September 2015 until August 2017. (R. 853-975). She presented for depression and anxiety and was prescribed individual therapy and Sertraline.[5] (R. 865). Her prognosis was considered "good" at her initial evaluation. *Id*. Plaintiff completed therapy in March 2017, when she was found to be stable; at that time, she transitioned to medication management only. (R. 950). As the ALJ noted, Plaintiff's depression was well-managed, and improved with the medication prescribed by her mental health provider. (R. 874, 876, 880, 882, 883, 941).

"An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). The ALJ noted Plaintiff's activities included shopping in stores, attending church, interacting with friends and family, taking public transportation, and socializing. (R. 16). She can use a checkbook and shop online, maintain an independent household, and prepare simple meals. *Id.*

---

[5] Sertraline is known as a selective serotonin reuptake inhibitor (SSRI). It works by helping to restore the balance of a certain natural substance (serotonin) in the brain. It is used to treat depression, panic attacks, obsessive compulsive disorder, post-traumatic stress disorder, social anxiety disorder (social phobia), and a severe form of premenstrual syndrome (premenstrual dysphoric disorder). *See* https://www.webmd.com/drugs/2/drug-1/sertraline-oral/details.

Accordingly, substantial evidence supports the ALJ's conclusion that "[b]ecause the claimant's medically determinable mental impairments cause no more than mild limitation in any of the four functional areas, they are nonsevere (20 CFR 404.1520a(d)(1) )." (R. 16).

Because I find that substantial evidence supports the ALJ's determination that Plaintiff's depression was not a severe impairment, Plaintiff's request for remand on this basis is denied.

B. Listing 104.A

Plaintiff contends substantial evidence does not support the ALJ's determination at step three that Plaintiff's impairment did not meet or equal Listing 1.04A. (Pl's Br. 13-14). The Commissioner counters that the ALJ properly concluded that Plaintiff did not meet the criteria for a listing, and that substantial evidence supports that conclusion. (Def. Br. at 9-11).

At step three, the ALJ analyzes whether a claimant's impairments or combination of impairments meet or medically equal one of the listings that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. § 416.925(a). This inquiry serves to identify those claimants whose medical impairments are so severe they would be found disabled regardless of their vocational background, making further inquiry unnecessary. *Sullivan v. Zebley,* 493 U.S. 521, 532 (1990). The claimant bears the burden of establishing that his impairments meet or medically equal a listed impairment. 20 C.F.R. § 416.925; *Sullivan*, 493 U.S. at 531. To meet this burden, the claimant must establish all the requirements of the relevant listing. *Sullivan*, 493 U.S. at 530 (claimant who meets only some of the listing requirements, "no matter how severely, does not qualify"); *see also Hartung v. Colvin*, No. 12-6155, 2016 WL 2910096, at *5 (E.D. Pa. May 19, 2016). Meeting a listing cannot be based on diagnoses alone. 20 C.F.R. § 416.925(d). The listings are strictly construed against claimants because meeting a listing results in an automatic finding of disability. *See Sullivan*,

493 U.S. at 530-32.

To meet the requirements of Listing 1.04A for disorders of the spine, a claimant must exhibit: (1) Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, (4) if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

Here, the ALJ considered whether Plaintiff's impairments met the requirements of Listing 104.A:

> The evidence also fails to establish any of the requirements under listing 1.04 for disorders of the spine. Specifically, the evidence fails to establish a disorder of the spine which has resulted in compromise of a nerve root (including the cauda equina) or the spinal cord with evidence of nerve root compression or spinal arachnoiditis or lumbar spine stenosis resulting in pseudo-claudication, established by findings on appropriate medically acceptable imaging, manifesting by chronic non-radicular pain and weakness, and resulting in an inability to ambulate or use the hands effectively, as defined in 1.00B2b. In this case, the evidence does not demonstrate that [Plaintiff] has the degree of difficulty in ambulating as defined in 100.B2b or 1.00B2c.

(R. 17). The Commissioner asserts that substantial evidence supports the ALJ's conclusion that Plaintiff's impairments did not meet Listing 104.A. (Resp. 9-11). I agree with the Commissioner, and find that the ALJ's conclusion is supported by substantial evidence. Plaintiff briefly states, "MRIs and EMGs taken show multilevel degeneration with spinal stenosis with thecal sac compression, which, when coupled with the clinical examinations, meets the above listing." (Pl. Br. 13). As the ALJ determined, this does not establish that Plaintiff met the requirements for Listing 1.04A because the medical record established that Plaintiff did not suffer from recurrent nerve root or spinal compression for a continuous 12-month period. (Tr. 17, 483, 489, 665). Instead, Plaintiff's medical records showed minimal findings of degenerative

disc disease and other lumber abnormalities. The objective medical evidence, MRI and EMG results, shows Plaintiff suffered mild degenerative disc disease and moderate disc bulging. (R. 665, 667). Test results showed no nerve root or cervical spine compression, and no evidence of muscle atrophy or weakness. (R. 17-19, 483, 489, 665). On examination, Plaintiff maintained a normal gait and had intact bilateral deep tendon reflexes. (R. 19, 639, 1280, 1282, 1318). Therefore, I find that substantial evidence supports the ALJ's conclusion.

Because I find that substantial evidence supports the ALJ's determination that Plaintiff's impairment did not meet a listing, Plaintiff's request for remand on this basis is denied.

### C. Weight of Medical Opinion Evidence

Plaintiff argues that the ALJ erred in affording little weight to the opinion of treating physician Meeta Peer, M.D. (Pl.'s Br. 11; Reply 1-3). The Commissioner counters that the ALJ applied the correct legal principles when weighing the medical opinion evidence and that substantial evidence supports the ALJ's conclusions. (Def. Br. at 12-15).

The ALJ, not a treating or examining physician, makes the ultimate determination as to a claimant's RFC and disability. *Chandler v. Comm. Soc. Sec.*, 667 F.3d 356, 361 (3d Cir 2012). The ALJ must explicitly weigh the evidence, give some indication of the evidence which he rejects and his reason for discounting the evidence so that the Court may assess whether "significant probative evidence was not credited or [was] simply ignored." *Burnett*, 220 F.3d at 121 (quoting *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)). An ALJ is entitled to disregard opinions that are conclusory, unsupported by the medical evidence, or internally inconsistent. *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991); 20 C.F.R. § 416.927(d).

Treating medical source's opinions are generally entitled to controlling weight, or at least substantial weight. *Fargnoli v. Massanari*, 247 F. 3d 34, 43 (3d Cir. 2001). "While '[t]reating

13

physicians' reports should be accorded great weight, the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." *Colvin v. Comm'r Soc. Sec.*, No. 16-2213, 2017 WL 203372, at *2 (3d Cir. Jan. 18, 2017) (citations omitted). Instead, the ALJ may assign a treating physician's opinion more or less weight depending upon the extent to which the physician's assessment is supported by the record. *Plummer*, 186 F.3d at 431. However, in order to be accorded greater weight, that opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [ ] not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Hagner v. Barnhart,* 57 F. App'x 981, 983 (3d Cir.2003). An ALJ is entitled to reject the opinion of a treating physician if it is "conclusory and unsupported by the medical evidence." *Jones v. Sullivan,* 954 F.2d 125, 129 (3d Cir.1991). Moreover, courts have consistently held that an ALJ may grant less weight to a treating physician's opinion where it conflicts with his or her own treatment notes. *See, e.g., Millard v. Comm'r.,* 2014 WL 516525, at *2 (W.D.Pa. Feb.7, 2014) ("An ALJ . . . may give less weight to a treating physician's opinion that is inconsistent with the physician's own treatment notes."); *Chetoka v. Colvin,* 2014 WL 295035, at *11 (W.D.Pa. Jan 27, 2014) (The ALJ properly concluded that the limitations assessed in the disability opinion were inconsistent with [the physician's] own treatment notes.).

      Plaintiff treated with Dr. Peer, a physiatrist, from July 2015 to July 2017. (R. 1262-1324). Plaintiff complained of neck pain that radiated to her shoulders and constant right shoulder pain. (R. 1262, 1264, 1266, 1268, 1271, 1273, 1277, 1279, 1281, 1283, 1285, 1287, 1289, 1293, 1295, 1309, 1313, 1322). She also complained of lower back and left leg pain when walking. (R. 1275, 1277, 1283, 1285, 1291, 1293, 1295, 1297, 1299, 1301, 1303, 1307, 1318). MRI testing of Plaintiff's right shoulder revealed moderate tendinitis and moderate joint effusion

with mild soft tissue swelling. (R. 664, 1312). MRI testing of Plaintiff's lumbar spine revealed moderate disc bulging at L3/4 and L4/5 with slight disc desiccation. (R. 1316, 1317). All remaining discs were found intact with no cord compression, no central canal stenosis, no intraspinal abnormality, no fracture, no dislocation, and lumbar vertebral bodies were of proper height. *Id.* Dr. Peer prescribed outpatient physical therapy. (R. 1318). On May 25, 2016, Dr. Peer completed a Residual Functional Capacity Questionnaire where she declared Plaintiff totally disabled. (R. 661-663). Dr. Peer opined Plaintiff capable of sitting two hours, walking one hour, and standing one hour in an eight-hour work day. (R. 661). Dr. Peer found Plaintiff unable to use her hands for simple grasping, pushing, pulling, fine manipulation; unable to ever operate foot controls; and never able to bend, squat, crawl, climb, reach, stoop, crouch, or kneel. (R. 662). She asserted Plaintiff suffered "ADL and ambulatory dysfunction with functional disabilities." (R. 663).

> Overall, the ALJ afforded little weight to the opinion of Dr. Peer:
>
>> Dr. [P]eer completed a Residual Physical Functional Capacity Questionnaire on [Plaintiff's] behalf. She indicated that [Plaintiff] could not work at all, a conclusory statement that relates to a legal issue reserved to the Commissioner, rather than a medical one, and which has been given no weight. Dr. [P]eer also offered the opinion that [Plaintiff] could sit for 2 hours and stand for one in an 8-hour workday. She could walk for one hour, but must alternate between sitting and standing every 15 minutes. She could lift up to 10 pounds occasionally, and had limited range of motion in her right shoulder. The undersigned notes that this opinion was offered prior to [Plaintiff's] right shoulder surgery. Overall, the undersigned gives limited weight to Dr. [P]eer's conclusions. They are not consistent with her own observations regarding [Plaintiff's] functioning, or with the treatment [Plaintiff] has received from Dr. [P]eer or other providers.

(R. 19). First, the Commissioner correctly notes that Dr. Peer's assessment of total disability is a determination reserved for the Commissioner. *See Brown v. Astrue*, 649 F.3d 193, 197 (3d Cir.

2011). The ALJ properly noted this in her decision, (R. 19). Further, the evidence of record fails to support Dr. Peer's determination of total disability. *Id. See Page v. Barnhart,* 108 Fed.App'x. 735, 737 (3d Cir. 2004) (substantial evidence supports ALJ's finding that treating physician's opinion of total disability was entitled to no weight). Therefore, Dr. Peer's determination of total disability is properly entitled to no weight.

Next, the Commissioner asserts that the specific limitations Dr. Peer outlined in the Residual Functional Capacity Questionnaire are not supported by her treatment notes or those of other treating physicians and are entitled to little weight. (R. 19). Again, I agree with the Commissioner. As the ALJ noted, Dr. Peer reported that Plaintiff's ADL's, ambulation, and gait were normal at almost every visit. (R. 19, 1263, 1267, 1269, 1274, 1276, 1280, 1282, 1284, 1288). Dr. Peer also repeatedly indicated that Plaintiff's muscle strength and muscle tone were normal. *Id.* Plaintiff's other providers reached the same conclusions. (R. 19, 299, 391, 392, 1115, 1116, 1280). Because Dr. Peer's opinion was neither supported by nor consistent with the objective medical evidence, the ALJ properly accorded her findings limited weight. *See Nichols v. Comm'r of Soc. Sec.*, 404 F. App'x 701, 704 (3d Cir. 2010) (an ALJ may discount the opinion of a treating physician when that opinion is inconsistent with other substantial evidence in the record).

Finally, the Commissioner notes that the ALJ correctly considered that Plaintiff had shoulder surgery in June 2017 to release her frozen shoulder, over a year *after* Dr. Peer's functional capacity assessment. (R. 19). Plaintiff's orthopedic and physical therapy post-surgery follow-up visits indicated Plaintiff experienced good progress, minimal right shoulder pain, and improved range of motion. (R. 614, 616, 622, 624, 626, 628, 636, 1179). Therefore, there is no indication in the record that Plaintiff suffered any shoulder problems post-surgery. *Id.*

Accordingly, I find that substantial evidence supports the ALJ's conclusion.

Because I find that substantial evidence supports the ALJ's assessment of Dr. Peer's opinion, Plaintiff's request for remand on this basis is denied.

### D. Subjective Complaints

Plaintiff contends that the ALJ didn't seriously consider "Plaintiff's complaints of pain or fatigue or why she would reject her testimony when it is clearly consistent with the treating record." (Pl.'s Br. 12, ECF No. 14). The Commissioner counters that the ALJ correctly evaluated Plaintiff's subjective complaints and reasonably found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical and other evidence of record. I do not find Plaintiff's arguments persuasive.

It is within the province of the ALJ to evaluate the credibility of witnesses. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). An ALJ's "findings on the credibility of claimants 'are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility.'" *Irelan v. Barnhart*, 243 F. Supp. 2d 268, 284 (E.D. Pa. 2003). While "statements of the individual concerning his or her symptoms must be carefully considered, the ALJ is not required to credit them." *Chandler*, 667 F.3d at 363. In particular, such subjective complaints may be discounted when they are inconsistent with objective medical and opinion evidence. *See Hartranft,* 181 F.3d at 362.

In this case, the ALJ explained that Plaintiff's testimony concerning the severity of her symptoms was not entirely credible because it conflicted with objective clinical results. (R. 18). The ALJ noted that Plaintiff testified to wearing braces on her wrists due to carpal tunnel syndrome ("CTS"), but there was no EMG testing or other objective evidence consistent with a

17

diagnosis of CTS. (R. 15). Orthopedic examinations were also negative for signs of carpal tunnel syndrome. *Id.* Dr. Peer's treatment notes never describe any wrist limitations. *Id.* The ALJ further observed that despite complaints of pain, Plaintiff did not consult with an orthopedic doctor about her spine or arms, other than for treatment for her frozen shoulder. (R. 19). The ALJ also noted that Plaintiff never received steroid injections for her neck or lower back, and spinal surgery was never recommended. *Id.* The ALJ also observed that while Plaintiff contends she cannot stand for more than five minutes, no provider has prescribed a cane or hand-held assistive device. *Id.* Because the ALJ's assessment of Plaintiff's subjective complaints is supported by substantial evidence, and given the deference owed to that assessment, the ALJ's findings should not be disturbed. The ALJ carefully considered and discussed the evidence, so will I defer to the ALJ's assessment.

Therefore, because I find that the ALJ did not err in assessing Plaintiff's subjective complaints and that substantial evidence supports that assessment, Plaintiff's request for remand on this basis is denied.

## VI. CONCLUSION

For the reasons set forth above, I find that the ALJ's findings are supported by substantial evidence. Accordingly, Plaintiff's request for review is **DENIED**. An appropriate Order follows.

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE